IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN MOSEL                                                                    PLAINTIFF

V.                                    NO. 15-3044

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration        DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Steven Mosel, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff filed his current application for SSI on February 26, 2014, alleging an inability to work since February 16, 2013, due to back and right leg injury, internal injuries from a fall, and right shoulder injury. (Doc. 11, pp. 138-143, 157, 161). An administrative hearing was held on March 26, 2015, at which Plaintiff appeared with counsel, and he and

1

his former employer testified. (Doc. 11, pp. 22-49). The relevant time period in this SSI claim begins on the date the application was filed – February 26, 2014.

By written decision dated April 4, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – hepatitis; osteoarthritis of right shoulder; and low back pain syndrome. (Doc. 11, p. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. §416.967(b). (Doc. 11, p. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform the jobs or power screw operator, warehouse checker, and office helper. (Doc. 11, p. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on May 4, 2015. (Doc. 11, pp. 4-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law**:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

2

(8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920,  abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues in this matter: 1) Whether the ALJ erred in his RFC determination; and 2) Whether the ALJ failed to fully and fairly develop the record. (Doc. 9).

#### A.  Credibility:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

4

After reviewing the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B. RFC Determination:

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence, based upon the proper consideration of the evidence and findings of Dr. Shannon Brownfield, a consultative examiner. Plaintiff also argues that given Plaintiff's complaints and evidence of record, he would be able to perform sedentary work, but not light work.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *11 (N.D. Iowa Mar. 31, 2015)(quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

5

Dr. Brownfield is neither a treating source nor a non-examining source, but is a consultative examiner, meaning that he has examined the claimant on at least one occasion. The weight to be given to his opinion is determined by the factors listed under 20 C.F.R. §404.1527(c). Comstock v. Astrue, 923 F.Supp. 2d 1142, 1156 (N.D. Iowa 2013). The ALJ is not required to give reasons for the weight given to Dr. Brownfield's opinion, because he is not a treating source. Id.

On or around December 18, 2013, Plaintiff was admitted to Baxter Regional Medical Center, stating he fell the night before from a chair and landed on his buttocks. (Doc. 10, p. 343). At the time of the fall, it was reported that he basically rolled over and stayed on the floor for several hours and continued to complain of buttock pain, and was then brought to the emergency room, where he was evaluated. (Doc. 11, p. 349). It was also reported that Plaintiff had a significant alcohol history and that he drank a half a pint to a fifth of bourbon daily. (Doc. 11, p. 349). The impression given was recent fall, probably related to alcohol intoxication, buttock trauma, history of methicillin-resistant staphylococcus aureaus cellulitis in the past, acute renal failure, rhabdomyolysis, alcohol-related hepatitis and fatty liver infiltration, and B12 deficiency. (Doc. 11, p. 350). X-rays of his spine revealed degenerative changes, but no compression fractures of the lower thoracic or lumbar spine. There was also some mild thickening of the urinary bladder wall reported. (Doc. 11, p. 377). A CT of Plaintiff's cervical spine revealed reversal of normal curvature consistent with some muscle spasm with rather pronounced degenerative bony spurs, but no acute fractures were seen. The apices of the lungs appeared clear. (Doc. 11, p. 378). In the discharge diagnosis, dated December 23, 2013, Dr. Lonnie Robinson reported that Plaintiff had a history of alcohol abuse and that apparently he fell in the bedroom and struck his buttocks on the floor, stayed

down for quite some time, and was found to have a significant cellulitis involving the buttocks. (Doc. 11, p. 242). His liver function tests were elevated and his renal function was very bad, and he was felt to be in renal failure from rhabdomyolysis. (Doc. 11, p. 242). Dr. Robinson reported that he had an extensive discussion with Plaintiff regarding his alcoholism and advised him that the most appropriate response would be total abstinence from alcohol. (Doc. 11, p. 242). He further stated that they discussed community resources for alcohol treatment, but Dr. Robinson was not optimistic that Plaintiff would follow up with any of the services or pursue abstinence. (Doc. 11, p. 243).

Plaintiff saw Dr. Robinson again on January 20, 2014, for follow up, and Dr. Robinson reported that Plaintiff's alcohol abuse was diagnosed more than five years ago, and that Plaintiff states that he was "cutting back," was now drinking one pint per week rather than per day, but was not enrolled in formal treatment. (Doc. 11, p. 237). Dr. Robinson continued to recommend complete abstinence from alcohol and to seek professional help, counseling and support. Plaintiff saw Dr. K. Simon Abraham on January 29, 2014, who noted that Plaintiff walked with a limp and a cane. (Doc. 11, p. 403).

On April 18, 2014, Dr. Shannon Brownfield conducted a General Physical Examination. (Doc. 11, p. 406). Dr. Brownfield reported that Plaintiff limped to the right and could perform all limb functions, including standing/walking without assistive devices. Dr. Brownfield found Plaintiff could bend over to pick up a coin and could squat and arise from a squatting position. (Doc. 11, p. 406). Dr. Brownfield also reported Plaintiff had normal grip strength, no muscle atrophy or weakness, and no range of motion deficits in the elbows, wrists, hands, hips, knees or ankles. Dr. Brownfield also noted that Plaintiff's range of motion of his shoulder in forward elevation was 90 degrees with pain, and the range of

motion of his lumbar spine flexion was 0-75 degrees with pain. (Doc. 11, p. 408). Dr. Brownfield concluded that Plaintiff had moderate to severe limits in lifting, stooping, and prolonged positions, and had moderate to severe limits in his right shoulder. He also noted that Plaintiff had moderate degenerative disc disease in his lumbar spine at L4-5-S3, and moderate osteoarthritis with spurring. (Doc. 11, p. 411).

On May 13, 2014, non-examining consultant, Dr. William Harrison, completed a Physical RFC Assessment, finding that Plaintiff could perform light work with certain postural limitations. (Doc. 11, p. 58). On July 28, 2014, non-examining consultant, Dr. Janet Cathy, also found Plaintiff could perform light work with certain postural limitations. (Doc. 11, p. 69).

In his decision, the ALJ addressed and considered Dr. Brownfield's findings. The Court believes the ALJ accounted for Dr. Brownfield's findings by limiting Plaintiff's lifting to no more than 20 pounds occasionally and 10 pounds frequently. In addition, the ALJ gave the opinions of the state agency physicians some weight, as they were consistent with the medical findings. (Doc. 11, p. 13).

The Court also finds it noteworthy that at the time of the hearing, Plaintiff was not taking any medications. (Doc. 11, p. 33). Plaintiff contends that he was not going to more doctors because he did not have the money. (Doc. 11, p. 35). He testified that he just heard about Obamacare and stated that it was hard for him to drive back and forth because he had a stick shift vehicle. (Doc. 11, p. 36). He also testified that he had gone to apply at the Christian Clinic, but did not have the gas money to get back and forth. (Doc. 11, p. 36). However, Plaintiff somehow was able to afford alcohol, and when the ALJ asked him how he was able to afford if, Plaintiff stated "I don't drink that much and a friend comes over….I

8

just maybe have one drink a week and my dad drinks, so I know I have a drink with him at his house." (Doc. 11, pp. 40-41). Furthermore, the record does not reflect Plaintiff was ever refused treatment due to insufficient funds.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### C. Failure to Fully and Fairly Develop the Record:

Plaintiff argues that the ALJ erred in failing to develop the record by not sending him for a consultative psychological examination. "Plaintiff bears a heavy burden in showing the record has been inadequately developed." Chapman v. Colvin, No. 4:15-CV-00522-JLH-JJV, 2016 WL 2585652 at *4 (E.D. Ark. Apr. 11, 2016). The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th

9

Cir. 1989). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." Mans v. Colvin, No. 13-CV-2103, 2014 WL 3689797 at *4 (W.D. Ark., July 24, 2014)(quoting Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994).

Plaintiff had no history of hospitalization or outpatient treatment for any psychiatric problems. (Doc. 11, p. 407). During Dr. Brownfield's examination, Plaintiff was reported as being oriented to time, person, and place, and there was no evidence of psychosis. (Doc. 11, p. 410). Nor is there any evidence that Plaintiff was ever diagnosed with depression.

The Court finds that Plaintiff has failed to meet his burden of showing that the record has been inadequately developed relating to Plaintiff's depression.

### D.  Hypothetical Question to the VE:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff would be able to perform the jobs of power screw operator; warehouse checker; and office helper. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 31st day of August, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE